UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby C. Jenkins, # 271240, ) | C/A No.: 5:14-cv-02710-RMG-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| Brian Shirley, Director of SCDC; Dennis ) | |
| Patterson, Division of Operations; Ann ) | |
| Hallman, Chief Grievance Branch; ) | |
| Marcie Fuller, Head Director of Food ) | |
| Services; Bob Olson, Head Food Service, ) | |
| Perry CI, Larry Cartledge, Warden of ) | |
| Perry CI, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Bobby Jenkins was previously an inmate at the Perry Correctional Institution ("PCI") and is now an inmate at Evans Correctional Institution of the South Carolina Department of Corrections. On July 3, 2014, Plaintiff, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Kaymani West for pretrial handling. On December 4, 2014, Defendants filed an answer. ECF No. 26. On review the court instructed the clerk's office to docket additional materials as part of Plaintiff's original Complaint. ECF No. 42. Thereafter, Defendants filed an Amended Answer. ECF No. 49.

On March 23, 2015, Plaintiff filed a motion to voluntarily dismiss his Complaint because Plaintiff indicates that he is now a level two prisoner and not a level three prisoner. ECF No. 48. Furthermore, Plaintiff represents that he is no longer at PCI and requests "to never be sent back there." *Id.* Defendants did not file a Response to Plaintiff's Motion. On May 14, 2015, Plaintiff

filed a second Motion to Dismiss because he "has more serious issue (sic) at hand in the courts that he wishes to focus on." ECF No. 52. Defendants consented to Plaintiff's Motion to Dismiss. ECF No. 53.

Plaintiff filed his motions after Defendants filed their Answer, therefore he fails to meet the requirements to dismiss this action without a court order. *See* Fed. R. Civ. P. 41(a)(1). Under Rule 41(a)(2), a district court may dismiss an action "at the plaintiff's request only by a court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." *Id.* "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice. Fed. R. Civ. P. 41(a)(2).

Plaintiff's request to never return to PCI is denied as the court cannot interfere with administrative matters within a prison. *See generally Sweet v. S.C. Dep't of Corrections*, 529 F.2d 854, 859 (4th Cir. 1975) (describing Federal Court's deference to prison administrators and all administrative matters unless the condition arises to the level of a constitutional violation). Plaintiff has indicated that he seeks to dismiss his case, and Defendants have consented to such. Accordingly, Plaintiff's action is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Court Judge

June 22, 2015
Charleston, South Carolina